# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **TALOS ENGINEERED PRODUCTS, LLC,** | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **STOCK MFG. & DESIGN CO., INC.,** | |
| Defendant. | |

Plaintiff Talos Engineered Products, LLC, hereby files its Complaint against Defendant Stock Manufacturing and Design Co., Inc., and alleges as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Talos Engineered Products, LLC ("TALOS") is an Indiana limited liability company.

2. Upon information and belief, Defendant Stock Mfg. & Design Co., Inc. ("STOCK") is an Ohio corporation with its headquarters at 9911 Crescent Park Drive, West Chester, Ohio 45069.

3. STOCK regularly engages in marketing activities that promote the sale of products that infringe the patent-in-suit to customers and/or potential customers, including those located in Ohio and in this judicial district.

4. This Court has jurisdiction over the subject matter of this action as to the Defendant pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has *in personam* jurisdiction as to STOCK because, upon information and belief, STOCK is subject to both general and specific jurisdiction in Ohio. More particularly,

STOCK is registered as an Ohio corporation and sells and offers to sell products that infringe one or more claims of TALOS's patent in this Judicial District.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because, among other things, STOCK is subject to personal jurisdiction in this judicial district and is a corporation formed in Ohio and in this judicial district. Upon information and belief, STOCK has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Ohio, and certain of the acts complained of herein occurred in this judicial district, in Ohio and in the United States.

## STATEMENT OF FACTS

7. On December 21, 2021, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 11,203,489 B2 ("the '489 Patent"). TALOS is the sole and exclusive owner of the valid and enforceable '489 Patent, a copy of which is attached hereto as Exhibit A.

8. The '489 Patent generally describes and claims a modular chute to transport articles that includes a stanchion with a plurality of apertures spaced along the stanchion in a downward pattern; and a plurality of ribs, where the ribs each include a projection that is at least partially inserted through a respective aperture of the stanchion to form a downward framework from the stanchion.

9. Upon information and belief, STOCK manufactures, imports, offers for sale and/or sells chutes in the United States that directly or indirectly infringe upon one or more claims of the '489 Patent.

10. STOCK has in the past and currently manufactures, uses, imports, offers for sale and/or sells at least the EZ-Flo Modular Chute, which infringes the '489 Patent. Upon

information and belief, STOCK primarily sells the accused products to shipping and distribution centers.

11. The below chart shows infringement of at least claim 15 of the '489 Patent as an exemplary description of infringement:

| U.S. PATENT NO. 11,203,489 ||
|---|---|
| **Claim 15** | **Infringing Product** |
| 15. A modular chute to transport articles, the modular chute comprising: | The product is a modular chute to transport articles, as set forth below: |
| a stanchion configured to be positioned vertically relative to a ground surface and | The product includes a stanchion |

| **U.S. PATENT NO. 11,203,489** | |
|---|---|
| **Claim 15** | **Infringing Product** |
| comprising a plurality of apertures spaced along the stanchion in a downward pattern; | the plurality of apertures on the stanchion of the EZ-Flo Chute are identified as element 110 on the Defendant's drawings and are spaced along the stanchion in a downward pattern |
| a plurality of ribs, each rib having a first end and a second end, | the Defendant's chute includes a plurality of ribs having a first end and a second end, for example, element 100 is a rib in the Defendant's drawings having a first end and a second end |

| U.S. PATENT NO. 11,203,489 ||
|---|---|
| **Claim 15** | **Infringing Product** |
| | |
| the first end of each rib comprising a projection at least partially inserted through a respective aperture of the stanchion | element 108 in the Defendant's drawings of its EZ-Flo Chute is a projection on the first end of a rib, and is inserted at least partially in aperture 110 |

5

| U.S. PATENT NO. 11,203,489 ||
|---|---|
| **Claim 15** | **Infringing Product** |
|  | *[Photograph of orange support structure with black curved panel, and patent drawing FIG. 5 showing elements labeled 14, 52, 54, 56, 66, 82, 84, 86, 104, 106, 108, 110, 112, 114, 116]* |

| **U.S. PATENT NO. 11,203,489** ||
|---|---|
| **Claim 15** | **Infringing Product** |
| and the second end extending away from the stanchion to form a downward framework from the stanchion. | the second end of the ribs of the EZ-Flo Chute extend away from the stanchion to form a downward framework from the stanchion. |

12. STOCK was aware of the '489 Patent prior to initiation of this action, based both on constructive notice and actual notice from counsel in July 2020, along with follow-up discussions thereafter.

13. Alternatively, STOCK is liable for contributory infringement and indirect infringement of the '489 Patent by STOCK's customers and/or installers, as STOCK instructed customers and installers orally and/or in writing to assemble parts in an infringing manner and knowingly contributed to acts of their customers they knew were infringing.

## FIRST CLAIM FOR RELIEF
### (Patent Infringement)

14. TALOS repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

15. Upon information and belief, STOCK manufactures, imports, offers for sale and/or sells products in the United States and in this Judicial District that directly infringe one or more claims of the '489 Patent, an example of which is set forth in the claim chart provided above.

16. STOCK had notice of the patents, both constructively by virtue of marking and by virtue of actual notice of infringement. TALOS is entitled to compensatory damages from the date of constructive or actual notice, and injunctive relief against STOCK's continuing infringing activities.

17. Upon information and belief, STOCK lacks justifiable belief that there is no infringement or that the infringed claims are invalid and has acted with deliberate and malicious intent in its infringing activity, given knowledge of the '489 Patent and infringement thereof by the accused products. STOCK's infringement is therefore willful, and TALOS is entitled to an award of exemplary damages, attorneys' fees, and costs in bringing this action.

## SECOND CLAIM FOR RELIEF
### (Indirect Patent Infringement)

18. TALOS repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

19. STOCK's customers or installers directly infringe the '489 Patent by installing and using the modular chute identified above, as encouraged, promoted, and instructed by STOCK.

20. Upon information and belief, with knowledge of the '489 Patent and specific intent to encourage infringement thereof, STOCK took action during the time the '489 Patent has been in force intending to encourage or assist actions by installers and customers.

21. Upon information and belief, STOCK was aware of the '489 Patent and knew that the acts by installers and customers, if taken, would constitute infringement of one or more claims of the '489 Patent or STOCK believed there was a high probability that the acts, if taken, would constitute infringement of one or more claims of the '489 Patent but deliberately avoided confirming that belief.

22. Upon information and belief, STOCK is on notice of its infringement of one or more of the claims of the '489 Patent, yet STOCK has continued to sell products that infringe to customers and for installation and use by customers.

23. With knowledge of, or a willful blindness to, the '489 Patent, STOCK encouraged installers and customers to infringe the '489 Patent through installation and use of the accused modular chutes.

24. TALOS is entitled to compensatory damages and injunctive relief for STOCK's infringing activities and any ongoing sales thereafter.

25. TALOS has suffered damages as a result of STOCK's induced infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TALOS prays this Honorable Court enter such preliminary and final orders and judgments as are necessary to provide TALOS with the following requested relief:

A. A permanent injunction enjoining STOCK from infringing the '489 Patent;

B. An award of damages against STOCK under 35 U.S.C. § 284 in an amount adequate to compensate TALOS for STOCK's infringement, but in no event less than a reasonable royalty for the use made by STOCK of the inventions set forth in the '489 Patent;

C. An award against STOCK for enhanced damages under 35 U.S.C. § 284, an award of costs and attorneys' fees under 35 U.S.C. § 285; and

D. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

TALOS requests a trial by jury as to all matters so triable.

Respectfully submitted,

/s/ John F. Bennett
John F. Bennett (0074506)
 *Trial Attorney*
Ava M. Abner (0100384)
FROST BROWN TODD LLP
Great American Tower
301 East Fourth Street
Cincinnati, OH 45202
Telephone: (513) 651-6423
Facsimile: (513) 651-6981
jbennett@fbtlaw.com
aabner@fbtlaw.com

ATTORNEYS FOR
TALOS ENGINEERED PRODUCTS, LLC

OF COUNSEL:

Brian R. Gilchrist
(to be admitted *pro hac vice*)
Florida Bar No. 774065
bgilchrist@allendyer.com
Matthew G. McKinney
(to be admitted *pro hac vice*)
Florida Bar No. 385298
mmckinney@allendyer.com
Ryan T. Santurri
(to be admitted *pro hac vice*)
Florida Bar No. 015698
rsanturri@allendyer.com
Allen, Dyer, Doppelt + Gilchrist, P.A.
255 South Orange Avenue, #1401
Post Office Box 3791
Orlando, Florida  32802-3791
Telephone:     (407) 841-2330
Facsimile:     (407) 841-2343

Dated: July 14, 2023